UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN DAVID MCMURRER, No. 12653-028,

    Petitioner,

    v.

WARDEN S. SPAULDING,

    Respondent.

Case No. 21-cv-1058-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Brian David McMurrer's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1).  McMurrer is incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), where respondent Warden S. Spaulding is the warden.  Warden D. Sproul, the original respondent in this case, has responded to McMurrer's petition (Doc. 8).

    In his § 2241 petition, McMurrer brings a due process challenge to the loss of 27 days of good conduct credit based on discipline he received at the United States Penitentiary at Marion, Illinois ("USP-Marion") on July 8, 2021.  The Court denies the petition because McMurrer failed to exhaust his administrative remedies without cause or other good excuse.

**I.  Background**

    In January 2016, McMurrer pled guilty in the United States District Court for the Southern District of Indiana to one count of bank robbery.  *United States v. McMurrer*, No. 3:15-cr-47-WTL-MJD (S.D. Ind.).  He is currently incarcerated at USP-Lewisburg with a projected release date of May 1, 2023.  *See* Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Apr. 11, 2022).

    In July 2021, the petitioner lost 27 days of good conduct credit based on Incident Report

3502204 ("IR") issued at USP-Marion. The IR charged him with committing Prohibited Act 297, "phone abuse" for conduct that occurred in May 2021. It is unclear from the record the specific conduct on which the IR was based.

McMurrer had a hearing before disciplinary hearing officer ("DHO") Wallace, on July 9, 2021. The DHO found McMurrer guilty and docked him 27 days of good conduct time, and 60 days of phone, commissary, and visitation privileges, and ordered 15 days of disciplinary segregation. *See* Pet. Ex. (Doc. 1 at 12).

In his petition, McMurrer asserts that the Bureau of Prisons ("BOP") violated his due process rights in depriving him of good conduct credit because the DHO was unqualified and biased, the DHO's written report was never delivered to him, he was not provided exculpatory video evidence, and the incident report itself had no merit. The petitioner seeks expungement of his disciplinary conviction, restoration of his lost good conduct credit and other privileges, and costs of this suit. The respondent argues that McMurrer failed to exhaust his administrative remedies.

## II.     Applicable Law

A federal inmate may file a § 2241 petition to challenge the revocation of good conduct credit on the grounds that he did not receive due process in connection with that disciplinary decision. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011). Although inmates retain due process rights in connection with prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, due process in the prison disciplinary context requires, at a minimum, that the inmate receive:

> (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent

2

    with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Jones*, 637 F.3d at 845 (citing *Wolff*, 418 U.S. at 563-71; *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007)).

  Due process also requires that there be "some evidence [to] support[] the decision . . . to revoke good time credit." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *see Jones*, 637 F.3d at 845. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The evidence to support the disciplinary decision does not need to "logically preclude[] any conclusion but the one reached by the disciplinary board." *Id.* at 457.

  When an inmate believes he has been deprived of due process by a disciplinary decision that resulted in the loss of good time credit, he must exhaust his administrative remedies before filing a § 2241 petition. Although there is no express exhaustion requirement in § 2241, there is a common-law exhaustion requirement. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The Court may, indeed, require it before it entertains a § 2241 petition. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986) (holding that "a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief").

**III. Analysis**

  McMurrer failed to exhaust his administrative remedies before filing this § 2241 petition.

  The BOP's Administrative Remedy Program for an inmate's issue "relating to any aspect

of his/her own confinement" is set forth in 28 C.F.R. § 542.10 *et seq.*  To challenge a disciplinary decision rendered by a DHO, an inmate must submit an Administrative Remedy Appeal directly to the appropriate BOP Regional Director within 20 days of the challenged disciplinary decision.  28 C.F.R. § 542.14(a), (d)(2).  The Regional Director must respond within 30 days, subject to a 30-day extension.  28 C.F.R. § 542.18.  If the inmate is not happy with the Regional Director's response, he may appeal further to the BOP General Counsel (on a BP-11 form) within 30 days of the regional response, with some exceptions if there is a valid reason for delay.  28 C.F.R. § 542.15(a).  The General Counsel must respond within 40 days, subject to a 20-day extension.  28 C.F.R. § 542.18.  The appeal to the General Counsel is the final step in the Administrative Remedy Program.  *Id.*  An inmate may not raise on appeal any issue not raised at lower levels.  28 C.F.R. § 542.15(b)(2).

DHO Wallace issued the decision about which McMurrer complains on July 8, 2021.  McMurrer appealed the DHO's decision to the BOP North Central Regional Office (Remedy No. 1090640-R1) on August 11, 2021.  The Regional Office rejected McMurrer's appeal because McMurrer had not included a copy of the DHO's report with his appeal, and it allowed him ten additional days to resubmit the appeal with the DHO report.

McMurrer did not resubmit the appeal, and did not appeal the Regional Office's decision to the General Counsel in the BOP Central Office.  Such an appeal would not have been futile, for the Central Office could have directed the BOP to give McMurrer a copy of the DHO report and could have directed the Regional Office to accept a late appeal in light of the fact that McMurrer claimed not to have received the DHO decision.  *See* 28 C.F.R. § 542.15 ("When the inmate demonstrates a valid reason for delay, these time limits may be extended.").  Instead, on August 23, 2021, McMurrer placed his § 2241 petition in the prison mail system to be sent to the

Court. By failing to appeal his disciplinary decision to the final level of administrative appeal—an appeal to the General Counsel—McMurrer failed to exhaust his administrative remedies before filing this § 2241 petition.

Because he is procedurally defaulted for failing to exhaust administrative remedies, McMurrer's habeas claim is barred unless he can show cause for and prejudice from that default. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986). McMurrer cannot show cause for his failure. He filed this lawsuit 12 days after the Regional Office's decision, still within the time to appeal to the General Counsel. The rules would require a response from the General Counsel within, at the most, 60 days of the appeal, and McMurrer is not scheduled for release until May 2023. That left plenty of time for him to exhaust remedies and then file a lawsuit without rendering the process pointless. There is simply no reason McMurrer could not have appealed to the General Counsel before filing this lawsuit. In the absence of good cause for failing to exhaust administrative remedies, McMurrer has procedurally defaulted his claim.

The Court declines to excuse McMurrer's failure to exhaust his administrative remedies before filing this lawsuit. The Court may excuse the failure to exhaust where:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

As noted above, McMurrer has not offered a valid reason for failing to appeal the Regional Office's rejection to the Central Office. Nor has he shown how requiring exhaustion would cause him prejudice in light of the deadlines for administrative responses and the year he still has to serve in prison. As noted above, the Central Office could have arranged for him to

get the DHO's report and extended the time to file an appeal to the Regional Office.  Finally, McMurrer has provided no evidence that an appeal would have been futile or that he has raised any substantial constitutional question.  In light of these circumstances, the Court declines to excuse McMurrer's failure to exhaust administrative remedies.

**IV.     Conclusion**

The Court **DENIES without prejudice** McMurrer's § 2241 petition (Doc. 1) for failure to exhaust administrative remedies without a showing of cause for that failure and without excuse.  The Court further **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  April 11, 2022**

s/ J. Phil Gilbert         s
**J. PHIL GILBERT**
**DISTRICT JUDGE**
